UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

TRACEY JOYNER,

                              Plaintiff,

                     - against -

THE CITY OF NEW YORK and MICHAEL
JOHNSON, a Captain employed by the New York City
Correction Department,

                              Defendants.

                                 PLAINTIFF'S PROPOSED
                                 JURY CHARGES
                                 11 CV 4958 (DLC)

------------------------------------------------------------------------x

      Plaintiff, by her attorney, The Law Office of Fred Lichtmacher, PC, submits the following proposed jury instructions and respectfully requests that the Court include them in its instructions to the jury, subject to a reservation of rights to supplement or amend same as justice may require.

      Plaintiff omits general charges typically given as introductory remarks (i.e., Juror Attentiveness, Role of the Court, Role of the Jury, Burden of Proof, Evidence/What Is Not Evidence, Direct and Circumstantial Evidence, Inferences, Credibility of Witnesses, Impeachment by Prior Inconsistent Statements, Interest in Outcome) and as concluding remarks (i.e., Right to See Exhibits and Hear Testimony, Duty to Deliberate to Unanimous Verdict, Note Taking by Jurors, Selection of Foreperson, Return of Verdict).

Dated: January 18, 2013
New York, New York

                                 Law Office of Fred Lichtmacher, PC
                                   Attorney for Plaintiff

                                 S/
                                 By: Fred Lichtmacher
                                 350 5th Avenue, Suite 7116
                                 New York, New York 10118
                                  (212) 922-9066
                                  Fax (212) 922-9077

REQUEST TO CHARGE 1

<u>Hostile Work Environment</u>

Plaintiff Tracey Joyner, a New York City Correction Officer, alleges that Michael Johnson, a former-Correction Captain who had supervisory authority over Ms. Joyner, subjected her to a hostile work environment on account of repeated unwelcome sexual advances.  Ms. Joyner's claims against Michael Johnson are brought under New York State Human Rights Law and the New York City Human Rights Law.  Her claims against the City of New York are brought under the New York City Human Rights Law.

State and City law differ as to what plaintiff has to prove to establish liability, with the City law setting out a lower threshold than State law for liability.  Because of this, I will instruct you on those laws separately.

<u>New York State Claim</u>

New York State law makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to her terms, conditions, or privileges of employment, because of such individual's ... sex."  Conduct creating a hostile work environment is actionable when such conduct is motivated in part by an employee's protected characteristic, such as gender.

To prevail on her claim under New York State law, Ms. Joyner must show that the conduct to which she was subjected was severe or pervasive enough to create an objectively hostile or abusive work environment, that she subjectively perceived it as abusive and that the conduct was based on Ms. Joyner's gender.  If you find that Defendant Johnson caused an hostile work environment under New York State law, both Defendant Johnson and, by operation of law,

the City of New York, his employer, are liable.  Additionally, if you find that Defendant Johnson caused an hostile work environment under New York State law, you may consider awarding Plaintiff punitive damages against Mr. Johnson.

In determining whether a Ms. Joyner has established a hostile work environment, you should look to the totality of the circumstances and include among the factors you consider the (1) frequency of the conduct, (2) its severity, (3) whether the conduct was humiliating, offensive and effected her workplace condition and job performance, (4) whether the conduct unreasonably interfered with her work, and (5) any resulting psychological or emotional harm.

Ms. Joyner need not show that she was subjected to a hostile work environment solely based on her gender/sex.  She need only demonstrate that her treatment was in part due to her gender/sex.  The incidents comprising a hostile work environment need not make any reference to the trait prompting the claimed discrimination so long as the incidents can reasonably be interpreted as having taken place on the basis of that trait.

Additionally, not all of the conduct complained of needs to be overtly or explicitly sexist to find for plaintiff. You may infer that facially sex-neutral incidents were sex-based where the perpetrator had previously engaged in sexually explicit conduct or made explicitly sexual statements.  Facially-neutral incidents may be included among the totality of the circumstances that you consider in plaintiff's hostile work environment claim if you reasonably could conclude that they were based on discriminatory animus.

Authority: <u>Redd v. New York State Division of Parole</u>, 678 F.3d 166 (2d Cir. 2012) (reversing grant of summary judgment to employer in sexual harassment suit); <u>Kaytor v. Electric Boat Corp.</u>, 609 F.3d 537 (2d Cir. 2010); <u>Patane v. Clark</u>, 508 F.3d 106 (2d Cir.  2007);  <u>Alfano v. Costello</u>, 294 F.3d 365 (2d Cir. 2002); <u>Howley v. Town of Stratford</u>, 217 F.3d 141, 155-56 (2d

Cir. 2000) <u>Trinidad v. New York City Department of Correction</u>, 423 F.Supp.2d 151 (SDNY 2006); <u>Svenningsen v. College of Staten Island</u>, 2003 WL 21143076 (EDNY March 28, 2003).

    <u>Claims Under New York City Law</u>

The City's Human Rights Law makes it an "unlawful discriminatory practice" for an "employer or an employee or agent thereof, because of the ...gender ... of any person, ...to discriminate against such person ... in terms, conditions or privileges of employment." The City Law governs an employer's liability for an employee's unlawful discriminatory conduct in the workplace and states that an "employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee ... where ... the employee ... exercised managerial or supervisory responsibility … ." City law provides  "[s]trict liability in employment context for acts of *managers and supervisors; ... .*"  (1991 NY City Legis Ann, at 187 [emphases added]).

New York City's Human Rights Law (NYCHRL) is more protective than its State counterpart and is to be construed with the aim of making it the most progressive in the nation. Unlike State law, the City Human Rights Law allows liability to attach for harassing conduct that does not qualify as severe or pervasive.  Ms. Joyner needs to prove discriminatory conduct, but that conduct does not have to be "severe or pervasive" to establish liability.  Liability is established if you are satisfied that Ms. Joyner has shown discriminatory treatment based on her gender.  Questions about the severity and frequency are for you to consider in determining damages, not liability.

If you find that Ms. Joyner was subjected to unlawful discrimination in the form of unwelcome sexual advances, then you must find for the Plaintiff on her claim under the City Law.  The determination for you to make afterwards is in what amount she has been damaged.  If

-3-

you conclude that Defendant Johnson unlawfully discriminated against Ms. Joyner in violation of the New York City Human Rights Law, his conduct is imputed by operation of law to his employer, the City of New York.  Additionally, if you find that that Defendant Johnson unlawfully discriminated against Ms. Joyner in violation of the New York City Human Rights Law, you may consider awarding Plaintiff punitive damages against Mr. Johnson.

Authority: Zakrzewska v. New School, 14 N.Y.3d 469 (2010); Williams v. New York City Housing Auth., 61 A.D.3d 62 (1st Dept.) leave to appeal denied, 13 N.Y.3d 702 (2009); Farrugia v. North Shore Univ. Hosp, 820 N.Y.S.2d 718, 725 (N.Y.Sup.Ct. 2006)); Jordan v. Bates Advertising, Inc., 11 Misc.3d 764, 816 N.Y.S.2d 310 (Sup. Ct. N.Y. Co. 2006);  Fleming v. MaxMara, 644 F.Supp.2d 247 (EDNY 2009); Zustovich v. Harvard Maintenance, Inc., 2009 WL 735062 (SDNY March 20, 2009).

REQUEST TO CHARGE 2

Introduction to Damages

<u>Damages Generally</u>

If you find that Ms. Joyner has proven either of her claims by a preponderance of the evidence, you must then determine the damages to which Plaintiff is entitled. Please note that the fact that I am instructing you on how to award damages does not mean that I have any opinion on whether the Defendants should be held liable. I am instructing you on damages only so that you will have guidance should you decide that the Plaintiff is entitled to recovery. Should you decide that Plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and punitive damages. I will explain the law concerning each of these two types of damages to you.

REQUEST TO CHARGE 3

<u>Compensatory Damages</u>

f you find that Defendants are liable to Ms. Joyner, then you must determine an amount that is fair compensation for Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole -- that is, to compensate the Plaintiff for the damage suffered. Compensatory damages are not limited only to out of pocket expenses that the Plaintiff may have incurred. If a Plaintiff wins, she is entitled to compensatory damages for her past and future mental anguish, shock, and discomfort suffered due to the Defendant Johnson's conduct.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant Johnson's wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered, or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

<u>Pain, Suffering, and Emotional Distress</u>

In assessing compensatory damages, you may include an amount for emotional distress, pain, and suffering -- past, present and future -- that you determine to be reasonable compensation in the light of all the evidence in this case.  We all know that the nature and degree of mental distress may differ widely from person to person.  Consequently, the law does not try to fix, nor does the law permit, a precise formula by which emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents.  Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors.  You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate.  In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate a prevailing Plaintiff for the actual pain, suffering, and emotional distress you find that she has endured and will endure in the future.  The amount of damages should be neither excessive nor inadequate.  It should be fair, just, and reasonable.

<u>Loss of Enjoyment of Life</u>

In determining the amount, if any, to be awarded Ms. Joyner for emotional pain and suffering, you may take into consideration the effect the injuries have had on her ability to enjoy life.  Loss of enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life.

If you find that Ms. Joyner, as a result of her injuries, suffered some loss of the ability to enjoy life and that Plaintiff was aware of a loss, you may take that loss into consideration in determining the amount to be awarded to Plaintiff.

Economic and Reputation Damages

You may also award damages to compensate the Plaintiff for loss of earnings due to the conduct to which she was subjected.

Authority:  <u>Modern Federal Jury Instructions</u>, Judge Sand, Inst., 77-3, 77-4, 87-87; Authority: NYPJI 2:280.1; Martin A. Schwartz & Judge George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u>, Chapter 18

REQUEST TO CHARGE 4

Punitive Damages

Punitive damages are damages to punish an individual Defendant and to create an example that will deter the Defendant and others from repeating such conduct.  You may make an award of punitive damages even though you find that Plaintiff has not established actual damages.

You may award Plaintiff punitive damages if you find by a preponderance of the evidence that a Defendant's acts or omissions were done maliciously or wantonly.

An act or failure to act is maliciously done if it is prompted by ill will or spite.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of Plaintiff.

An intent to injure exists when a Defendant has a conscious desire to injure Plaintiff in a manner he knows to be unlawful or when a Defendant has a conscious desire to violate rights of which she is aware.

Punitive damages are to be awarded only if you believe that the individual Defendant acted so outrageously and evidenced such malice or wantonness that he deserves to be punished to assure that he and others will be less likely to engage in such conduct again.

It is entirely up to you to decide whether or not punitive damages should be awarded.  In this respect, you have considerable discretion.  You may decide that even though compensatory damages have been awarded, you believe no punitive damages are necessary.  On the other hand, you may feel that punitive damages are in order, so as to punish an individual defendant and deter similar behavior in the future.

Authority: Modern Federal Jury Instructions, Judge Sand, Inst. 87-92; Smith v. Wade, 461 U.S. 30, 56 (1982); Ismail v. Cohen, 899 F.2d 183, 185, 187 (2d Cir. 1990); Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 235 (2d Cir. 2000) (per curium) ("federal and state standards for a finding of punitive damages are 'virtually identical.'").

REQUEST TO CHARGE 5

<u>Adverse Inference for Failure to Produce Evidence and Witnesses</u>

If you find that a party could have produced documents or other evidence in this lawsuit, and that such evidence was at one time within that party's control or in his or her custody, and that this evidence would have been relevant in deciding facts in dispute in this lawsuit, you are permitted, but not required, to infer that the evidence, if produced, would have been unfavorable to that party.

Further, if you find that a party could have identified and produced witnesses that were or are within that party's control, and that this witnesses' testimony would have been relevant in deciding facts in dispute in this lawsuit, you are permitted, but not required, to infer that the witness, if produced, would have been unfavorable to that party.

In the instant matter, Plaintiff claims that the Defendants did not produce the audiotaped recording of Michael Johnson's statement to Department of Correction investigators regarding Ms. Joyner's claims.

If you find that the Defendants could have produced that document and that such evidence was at one time within that party's control or custody, and that this evidence would have been relevant in deciding facts in dispute in this lawsuit, you are permitted, but not required, to infer that the evidence and witnesses, if produced, would have been unfavorable to the Defendants.

Authority: Adapted from <u>Manganiello v. City of New York</u>, 612 F.3d 149, 166 (2nd Cir. 2010); Martin A. Schwartz & Judge George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u>, Instruction 2.04.1