UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TRACEY JOYNER,

          Plaintiff,

    -against-

THE CITY OF NEW YORK, and CAPTAIN OF
CORRECTIONS MICHAEL JOHNSON SHIELD #96,

          Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

Docket No. 11 Civ. 4958
(DLC)(THK)

    Defendants herein, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, pursuant to Rule 51 of the Federal Rules of Civil Procedure, respectfully requests that the Court give the following instructions to the jury:

### Introductory Remarks

    I repeat my thanks and that of the parties and their attorneys for your patience and attention. We all recognize the personal inconvenience you have undergone and extend, again, our appreciation to you for your service.

    As I told you at the beginning of the trial, the trial judge instructs jurors on the law that they are to apply to the case, and the jurors are bound to accept those instructions even though they may feel that the law should be different from what the judge says it is. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should also not single out any instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole. You must accept the law as I state it to you and apply that law to the facts as you find them.

## Conduct of Jurors

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias, prejudice or sympathy for or against the plaintiff or defendants. All parties stand as equals before the bar of justice. You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party.

[Authority: MFJI, Instructions 71-4 and 71-10.]

## Role of the Jury

As I told you at the beginning of the trial, you are the sole and exclusive judges of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences to be drawn from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony.

With respect to any factual matters, your recollection and your recollection alone governs. Anything that counsel either for the plaintiff or the defendants may have said with respect to matters in evidence, whether while questioning witnesses or in argument, is not to be substituted for your own recollection or evaluation of the evidence. So, too, anything that I may have said during the trial or may say during these instructions as to any factual matter is not to substitute for your own recollection or judgment.

During the trial, I have been called upon to make rulings on various questions. There may have been objections, or motions may have been made to strike answers. These are matters of law, and you should not consider them.

If at any time I instructed you to disregard anything that was said, you must follow that instruction. If at any time I instructed you that the parties stipulated that a fact was true, you must accept that fact as true. The fact that, at other times, I may have asked questions of witnesses does not indicate any feeling of mine about the facts one way or the other. My comments were intended only to clarify the issue at hand; it will be your judgment of the evidence that exclusively governs.

### Evidence

What, then, does the evidence that you are about to consider consist of? The evidence in this case consists of the sworn testimony of all the witnesses, no matter which side called them, together with the exhibits which I have admitted in evidence.

Now, questions are not evidence. The evidence is the answers. The questions are useful only to the extent that they permit you to understand the meaning and significance of the answers. The exhibits received in evidence are also evidence. Any evidence as to which an objection was sustained by me and any answer or argument that I ordered to be stricken out and disregarded by you must be disregarded by you in its entirety because I have ruled that as a matter of law it is not evidence in this case.

Now, in assessing whether any party proved something, you are instructed that you need not rely totally on direct evidence, or statements by a witness that he knows something by virtue of his own senses -- because he saw, felt or heard something. The law also permits inferences to be drawn by you from all the surrounding facts of a given situation. This is referred to as circumstantial evidence, as distinguished from direct evidence.

In the case of circumstantial evidence, proof is given of facts and circumstances,

from which one may infer other connected facts that reasonably follow in our common experience as inhabitants of this earth. It is applying reason and common sense based upon facts established to your satisfaction. In simple terms, you reason from an established fact to another fact as a logical consequence.

I will give you an example of circumstantial evidence. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds are drawn and you cannot look outside. As you are sitting here, someone walks in with an umbrella which is dripping wet. Somebody else then walks in with a raincoat which is dripping wet. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. All evidence is important, and you should, of course, consider all evidence, whether direct or circumstantial, in making your decision.

[Authority: MFJI, Instructions 74-1 and 74-2; *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711 (1983).]

### **Credibility of Witnesses**

You, the jurors, are the sole judges of the credibility and truthfulness of any witness and the weight the testimony of that witness deserves. You should scrutinize the

testimony that a witness gives and every matter in evidence in the case that tends to indicate whether the testimony is worthy of belief. Here again you are expected to use your common sense. Did the witness impress you as honest, open and candid? Or did the witness appear evasive or as though they were trying to hide something? How responsive was the witness to questions posed on direct examination and cross examination?

You may consider the motive of the witness, and the demeanor of the witness, that is to say, the manner in which he or she gives testimony on the stand. You should consider the opportunity that the witness had to observe the facts concerning which the witness testifies, the plausibility, probability or improbability of the testimony in the light of all the facts in the case, and you should also consider any relationship that the witness may have to either side of the case or the manner in which any witness may be affected by, or interested, in the verdict.

There is no magic formula to evaluate the truthfulness of witnesses. In your everyday affairs, each of you determines for yourself the reliability of statements made to you by other people and those same tests that you use in your everyday dealings should be applied in your jury deliberations. You use common sense, you rely on your human experience.

If you find that a particular witness has testified falsely in any one material part of his or her testimony, you may look with distrust upon the other evidence given by that witness. And if you find any witness testified in a manner that is willfully and intentionally false, you may disregard all evidence given by that witness or you may accept that part you do believe and disregard that part you believe is false.

[Authority: MFJI, Instruction 76-1.]

## Prior Inconsistent Statements

A witness may be discredited or "impeached" by contradictory evidence, that is, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

It is for you to determine whether a prior statement was inconsistent and whether any such inconsistency is significant or inconsequential. Furthermore, if you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

[Authority: MFJI, Instruction 76-5.]


## Deposition Testimony

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

[Authority: MFJI, Instruction 74-14.]


## Burden of Proof

Bear in mind that the mere fact that the plaintiff has filed a lawsuit and proceeded to trial does not necessarily mean that her allegations have merit. In a civil case, such as this

one, a plaintiff has the burden of establishing all the elements of her case by a preponderance of the credible evidence. Now, I know some of you may have served in criminal cases as jurors or you may have watched movies, stage plays and television shows dealing with such cases. You have heard the expression "proof beyond a reasonable doubt." Members of the jury, that standard does not apply in a civil case. That is the standard that is required before anyone can be found guilty of a crime and deprived of his/her liberty. That is a different standard from what is employed in a civil case. Put out of your mind any discussion you have heard about proof beyond a reasonable doubt. A party's proof on each issue of its case must appear to your satisfaction to be by a preponderance of the credible evidence.

The credible evidence means the testimony or exhibits that you find worthy to be believed. A preponderance means a greater part of it. That doesn't mean the greater number of witnesses or how much time either side employs in the trial. Rather, the phrase refers to the quality of the evidence, its weight or significance, and the effect it has on your minds.

The law requires that in order for a party to prevail on an issue as to which the party has the burden of proof, the evidence that supports the party's claim on that issue must appeal to you as more nearly representing what took place than the evidence opposed to that contention. If it does not, or if the evidence weighs so evenly that you are unable to say, you must resolve the question against the party that has the burden of proof, in this case, against the plaintiff and in favor of the defendant.

We often say that evidence is to be weighted on scales, and if you find that the evidence on any issue is balanced evenly, equally in favor of the plaintiff and the defendants, that is to say, if the scales are evenly balanced, then the plaintiff, who has the burden of proof in this case, would not have sustained her burden and the case must be decided in favor of the

defendants. However, if the scales tilt in favor of the plaintiff, that would constitute a preponderance of the credible evidence and the legal burden of proof would be satisfied. In that instance, the case must be decided in favor of the plaintiff. Similarly, if the scales tilt in favor of the defendants, then the case must be decided in favor of the defendants.

Plaintiff bears the burden of proving every essential element of her claims as to the defendants by a preponderance of the evidence. If you find that any one of the required elements of the plaintiff's claims has not been proven by a preponderance of the evidence as to the defendants, you must return a verdict for the defendants.

[Authority: MFJI, Instruction 73-2; Adapted from Jury Charge of the Honorable Harold Baer, Jr. in *Hayes v. McGhee*, No. 94 Civ. 6766 (HB) (S.D.N.Y. Apr. 30, 1997).]

### Nature of Plaintiff's Claims

I am now going to instruct you on the substantive law to be applied to the plaintiff's claim in this lawsuit.

Plaintiff's claims have been brought under the New York State Executive Law and the New York City Administrative Code and are analyzed under the same standards. Zakrzewska v. The New School, 14 N.Y.3d 469, 481, 928 N.E.2d 1035, 1040, 902 N.Y.S.2d 838, 843 (2010) quoting Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305, n. 3, 819 N.E.2d 998, 786 N.Y.S.2d 382 (2004).

Plaintiff here claims that she was discriminated against by being subjected to a hostile work environment because of her gender.

The defendants deny this claim.

## Plaintiff's Hostile Work Environment Because of Gender Claim

In order to succeed on her claim of a hostile work environment because of her gender, plaintiff must prove the following by a preponderance of the evidence:

(1) that her workplace was permeated with intimidation, ridicule and insult that was sufficiently severe or pervasive (as opposed to isolated events or episodic events) to alter the terms and conditions of her employment and create an abusive working environment; and

(2) that the intimidation or harassment was based on plaintiff's gender.

[Harris v. Forklift Systems, 510 U.S. 17, 21 (1993); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708. 715 (2d Cir. 1996); Alfano v. Costello, 294 F3d 365, 373-74 (2d Cir 2001)("it is axiomatic that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex.")]

If you find that plaintiff fails to prove any of the above by a preponderance of the evidence, you must find for the defendants on plaintiff's claim of a hostile work environment because of her gender.

Whether the environment may be considered sufficiently hostile or abusive to create a hostile work environment because of gender is to be measured by the totality of the circumstances. A nonexclusive list of factors that you may consider include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating or was it merely an offensive utterance; (4) whether the conduct unreasonably interfered with plaintiff's work performance; and (5) what psychological harm, if any, resulted. [Harris, 510 U.S. at 23; Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1998).]

The above factors must be evaluated from both a subjective and an objective perspective. [Alfano v. Costello, 294 F3d 365, 374 (2d Cir 2001).] To satisfy the objective component, plaintiff must prove by a preponderance of the evidence that the conduct has created an "objectively hostile or abusive work environment because of her gender– an environment that a reasonable person would find hostile or abusive…" [Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 23 (1993).] Additionally, plaintiff must also prove by a preponderance of the evidence that she actually perceived her employment environment as abusive. Id.

Episodic or isolated sexist comments, jokes or incidents are not enough to establish a hostile work environment. Rather, the incidents must be sufficiently continuous and concerted in order to be deemed pervasive. Alfano v. Costello, 294 F3d 365, 373-74 (2d Cir 2001)(quoting, Perry v. Ethan Allen, Inc., 115 F3d 143, 149 (2d Cir. 1997)).; see also Faragher. 524 U.S. at 788. To establish a hostile work environment, the law requires a steady barrage of opprobrious sexually offensive comments and incidents. See Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997); Snell v. Suffolk County, 782 F.2d 1094, 1103 (2d. 1986). Whether sexually charged comments constitute a hostile work environment because of gender depends on "the quantity, frequency and severity" of those comments. See id.

If you find that a reasonable person would not have found the plaintiff's working conditions so severe or pervasive as to alter the terms and conditions of employment for the worse, then the plaintiff has not established a claim of a hostile work environment because of her gender, even if the plaintiff perceived the work environment as hostile.

# COMPENSATORY DAMAGES

If you find that plaintiff has carried her burden of proving, by a preponderance of the evidence, any of her claims as I have described above, then, and only then, may you consider the amount of damages which will fairly and reasonably compensate plaintiff for those injuries plaintiff has proven she has sustained as a result of that particular act of discrimination. [The Honorable William C. Connor's Jury Instructions in Bell v. Maxwell, 83 Civ. 7415 (WCC).

The fact that I am giving you instructions on the subject of damages should not be construed by you as indicating that I believe you should find for the plaintiff. That's entirely up to you. As a judge, I am required to instruct all juries on damages in all cases whether or not there is merit to a plaintiff's claims. [Bell, supra].

Plaintiff seeks compensatory damages for her alleged mental pain and suffering, allegedly arising from discrimination by the defendants. Compensatory damages are damages which compensate the plaintiff for the injuries which defendants wrongfully caused her. They are damages which fairly and reasonably compensate plaintiff for emotional pain and suffering that she sustained as a result of the defendants' allegedly wrongful acts. [Bell, supra].

You may award compensatory damages to plaintiff only if she proves, by a preponderance of the evidence, that her pain and suffering was actually caused by discrimination based on her gender. In other words, it is not enough that plaintiff suffered mental pain; she must also prove that the suffering resulted from intentional gender discrimination and not some legitimate non-discriminatory reason. [Sands, Modern Federal Jury Instructions, § 87-25].

Thus, even if you find that defendants discriminated against plaintiff, you must still ask whether the plaintiff has proven, by a preponderance of the evidence, that such action

caused the pain and suffering alleged by her. [Sands, <u>Modern Federal Jury Instructions</u>, § 87-25].

If you believe that the plaintiff's pain and suffering was caused by some other employment action or event, you may not award compensatory damages. This is true even if you believe that the other employment action or event was wrongful or illegal. [Sands, <u>Modern Federal Jury Instructions</u>, § 87-25].

I cannot give you a yardstick by which to measure the dollar value of compensatory damages. You have heard the plaintiff's testimony regarding the injuries she says she sustained. You must determine, based on your common sense and experience, the amount of money which will fairly and reasonably make plaintiff whole, or compensate her for the pain, suffering, and mental anguish that he says he sustained as a consequence of defendants' acts. Bear in mind, the damages must be reasonable. [<u>Bell</u>, <u>Supra.</u>]. Moreover, they must be based on the claims and evidence in this case. You cannot consider any potential claims beyond those asserted in this case in assessing damages. You are only here to decide liability and damages for the claims before you.

The plaintiff is only entitled to one recovery sufficient to reasonably compensate her for her injury. If you find defendants liable for more than one illegal act, you may still only award damages sufficient to reasonably compensate plaintiff. <u>Clappier v. Flynn</u>, 605 F.2d 519, 531 (10th Cir. 1979); <u>Savage v. Snow</u>, 575 F.Supp. 828, 837 (S.D.N.Y. 1983).

## DAMAGES FOR MERE FACT OF A VIOLATION

If you return a verdict for plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that she suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by a defendant of a right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a statutory deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct *other than the fact of a statutory violation*, you must award nominal damages not to exceed one dollar.

## CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to the claim in this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes you will retire to the jury for your deliberations.

Traditionally, juror number one acts as foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, the foreperson's vote is not entitled to any greater weight than that of any other juror.

Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous.

When you are in the jury room, you may now discuss the case. It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual

judgment and your conscience. In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is. Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another. Remember that the parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors: well and truly to try the issues of this case and a true verdict render.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally herein open court.

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see all or some of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or see trial transcripts of certain portions of the testimony, I will call you into court and have the court reporter read those portions of the testimony to you or send the requested portions of the trial transcript into the jury room. You can have any of the testimony read back to you or made available to you in transcript form. I suggest, however, that

you be specific in your requests so as to avoid hearing or reading testimony that you do not need to assist you in your deliberations.

If, in the course of your deliberations, you wish further help as to the law, or if you wish to hear any further explanation as to the law, you may send me a note telling me what you would like.

Bear in mind also that you are not to reveal to any person — not even in open court — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict. Any verdict you reach must be unanimous.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is.

Your verdict will be organized according to what is called a verdict sheet. I am about to pass out copies of that verdict sheet to you now. When you receive a copy you will see that the verdict sheet is a questionnaire, which lists the following questions.

When you have completed the verdict sheet, then you will sign your names, the form will be marked as a Court Exhibit and the verdict sheet will then form the basis for the verdict that you deliver.

Dated: New York, New York
       January 18, 2013

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-115
                        New York, New York 10007
                        212-788-1158

                        By: _____
                            Daniel Chiu
                            Assistant Corporation Counsel